IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MELODY C.**[1], <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>**KILOLO KIJAKAZI,** Acting Commissioner of Social Security, <br><br>　　　　　Defendant. | Case No. 6:21-cv-891-SI <br><br> **OPINION AND ORDER** |

Kevin Kerr, KERR ROBICHAUX & CARROLL, PO Box 14490, Portland, OR 97293. Of Attorneys for Plaintiff.

Natalie K. Wight, United States Attorney, and Renata Gowie, Civil Division Chief, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Kelly S. Arefi, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

　　　　Melody C. seeks judicial review of the final decision of the Commissioner of the Social

Security Administration (Commissioner) denying her application for Disability Insurance

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion and Order uses the same designation for a non-governmental party's immediate family member.

Benefits (DIB) under Title II of the Social Security Act (Act) and Supplemental Security Income (SSI) under Title XVI of the Act. For the following reasons, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff applied for DIB on January 5, 2019, and for SSI on September 11, 2019, alleging disability beginning December 28, 2018. AR 13. Plaintiff was born on July 18, 2019, and was 56 on the alleged disability onset date. AR 31. Plaintiff's claims were both first denied on April 5, 2019, and again upon reconsideration on October 4, 2019. AR 13. Plaintiff filed a written request for a hearing before an Administrative Law Judge (ALJ). *Id.* The ALJ held a telephonic hearing on August 27, 2020. *Id.*

In a decision dated September 28, 2020, the ALJ found that Plaintiff was not disabled and thus not entitled to DIB or SSI. AR 13-24. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied Plaintiff's request for review, making the ALJ's decision final. AR 1. Plaintiff seeks judicial review of the ALJ's decision.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

    1.    Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay

or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" (RFC). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

See also *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

As an initial step for Plaintiff's DIB claim, the ALJ determined that Plaintiff met the insured status requirements through December 31, 2018. AR 15. The ALJ then performed the sequential analysis as noted above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, December 28, 2018. *Id.* At step two, the ALJ found that Plaintiff had severe impairments of osteoarthritis, plantar fasciitis, heel spurs, and obesity. AR 16. The ALJ found that those medically determinable impairments significantly limit Plaintiff's ability to perform basic work as required by Social Security Ruling 85-28. *Id.* Also at step two, the ALJ determined that the claimed impairment of hypertension was not severe. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of impairments required in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). *Id.*

The ALJ next determined Plaintiff's RFC. The ALJ found Plaintiff to have an RFC to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b). AR 16. The ALJ found that the medical record showed a level of function greater than Plaintiff alleged and that, although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms was not entirely consistent with the medical evidence and other evidence in the record. AR 17. The ALJ also noted that Plaintiff's condition appeared to improve with appropriate treatment and that the statements regarding her activities of daily living were inconsistent with her allegations of disability. AR 20-21. At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a hotel clerk or a bartender. AR 23. As a result, the ALJ found that Plaintiff was not disabled under the Social Security Act. AR 24.

## DISCUSSION

Plaintiff raises one allegation of error—she argues that the ALJ erred in discounting the opinion of Dr. Colin Blattner, D.O. that Plaintiff could stand and walk for no more than two hours in an eight-hour workday. Plaintiff filed her applications for DIB and SSI in 2019. For claims filed on or after March 27, 2017, Federal Regulation 20 C.F.R. §§ 404.1520c, 416.920c governs how an ALJ must evaluate medical opinion evidence. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844 (Jan. 18, 2017). Under these new regulations, ALJs no longer "weigh" medical opinions, but rather determine which are most "persuasive." 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). The new regulations eliminate the hierarchy of medical opinions and state that the agency does not defer to any particular medical opinions, even those from treating sources. *Id.*; *see also Woods v. Kijakazi*, 32 F. 4th 785, 792 (9th Cir. 2022) ("The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on

PAGE 6 – OPINION AND ORDER

account of their relationship with the claimant."). Under the new regulations, the ALJ primarily considers the "supportability" and "consistency" of the opinions in determining whether an opinion is persuasive. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability is determined by whether the medical source presents explanations and objective medical evidence to support his or her opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Consistency is determined by how consistent the opinion is with evidence from other medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

An ALJ may also consider a medical source's relationship with the claimant by looking to factors such as the length of the treatment relationship, the frequency of the claimant's examinations, the purpose of the treatment relationship, the extent of the treatment relationship, and whether there is an examining relationship. *Id.* §§ 404.1520c(c)(3), 416.920c(c)(3). An ALJ is not, however, required to explain how he or she considered these secondary medical factors, unless he or she finds that two or more medical opinions about the same issue are equally well-supported and consistent with the record but not identical. *Id.* §§ 404.1520c(b)(2)-(3), 416.920c(b)(2)-(3).

The regulations require ALJs to "articulate . . . how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors." 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *See* 42 U.S.C. § 405(g); *see also Woods*, 32 F. 4th at 792 ("Our requirement that ALJs provide 'specific and legitimate reasons' for rejecting a treating or examining doctor's opinion, which stems from the special weight given to such opinions . . . is likewise incompatible with the revised regulations. . . . Even under the new regulations, an ALJ cannot reject an examining or treating

PAGE 7 – OPINION AND ORDER

doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence.").

Plaintiff argues that the ALJ improperly rejected Dr. Blattner's opinion regarding Plaintiff's standing and walking limitation. Dr. Blattner examined Plaintiff on March 9, 2019. AR 303. Dr. Blattner observed that Plaintiff's straight leg tests were negative bilaterally and, although Plaintiff reported having some pain in her medial plantar calcaneal region bilaterally, Plaintiff was able to lift, carry, and handle light objects, squat and rise from squatting with ease, rise from a sitting position without assistance, walk on her heels and toes, tandem walk, and hop. AR 304-05. Dr. Blattner also observed that Plaintiff's muscle strength and bulk was normal and that all of Plaintiff's ranges of motion were normal. ECF 303, 305-07. Dr. Blattner noted that x-rays showed plantar fasciitis and heel spurs and that Plaintiff had "tried numerous treatments for her plantar fasciitis without relief." AR 309. As for Plaintiff's abilities, Dr. Blattner opined that her "[m]aximum standing and walking capacity is up to two hours in an eight-hour workday," she had no limitation on sitting, her maximum lifting and carrying capacity was 50 pounds occasionally and 25 pounds frequently, she could occasionally balance and climb steps and stairs, and she could frequently bend over, squat, kneel, and crawl. *Id.*

The ALJ provided three reasons for discounting Dr. Blattner's limitation on Plaintiff's standing and walking. First, the ALJ found this opinion by Dr. Blattner to be internally inconsistent. AR 22. The ALJ noted that Dr. Blattner's examination showed fairly unremarkable findings—namely, that Plaintiff was able to squat and rise with ease, could rise from sitting, could walk on her heels and toes, could hop, could balance without issue, and had a normal range of motion and muscle strength—and that those unremarkable findings did not support his proposed limitations. *Id.* Second, the ALJ found Dr. Blattner's opinion inconsistent with other

medical evidence found in the record. *Id.* Specifically, the ALJ found that other physical examinations of Plaintiffs were similarly unremarkable, and were more consistent with a limitation to the full range of light work. *Id.* Third, the ALJ found that Dr. Blattner's opinion was inconsistent with Plaintiff's own statements regarding the activities of her daily life. *Id.* The ALJ cited Plaintiff's self-report that she can care for her personal hygiene, prepare meals, perform household chores including vacuuming, operate a motor vehicle, shop for groceries, manage personal finances, watch television, play video games, attend church, babysit her grandchildren, and perform some work-related activities despite the alleged impairments. AR 21. The ALJ noted that Plaintiff's reported activities of daily living are "fairly robust" and are thus inconsistent with Dr. Blattner's opinion on her limitations. AR 22.

      Plaintiff contends that the ALJ erred in each of these three conclusions. First, Plaintiff argues that the ALJ erred in finding that Dr. Blattner's opinion was internally inconsistent. Plaintiff argues that the ALJ did not consider x-rays of Plaintiff's feet taken in June 2017 that show plantar fasciitis and heel spurs. Plaintiff is correct that an ALJ is required to consider all the evidence in the case record when determining a claimant's disability. The ALJ, however, did not reject Dr. Blattner's opinion because the record was insufficient as to whether Plaintiff actually suffered from plantar fasciitis and heel spurs. Indeed, the ALJ found that those conditions constituted severe impairments. AR 16. The inconsistencies, rather, arise in Dr. Blattner's opinion of Plaintiff's limitations, which the ALJ found did not match *Dr. Blattner's otherwise* unremarkable—even considering the plantar fasciitis and heel spurs—observations in Dr. Blattner's report. Dr. Blattner's report is replete with benign and normal findings. Whether the challenged opinions is consistent with the other record evidence is a different reason given by the ALJ. The ALJ did not err in finding that Dr. Blattner's report was internally inconsistent.

Second, Plaintiff argues that the ALJ erred in finding that Dr. Blattner's opinion was inconsistent with the objective medical evidence, because other evidence in the record—namely, x-rays of Plaintiff's feet and the findings of two podiatrists that Plaintiff had plantar fasciitis—are consistent with Dr. Blattner's opinion. This argument is unavailing. The ALJ did not find that Plaintiff did *not* suffer from plantar fasciitis and heel spurs, but rather that the plantar fasciitis and heel spurs did not cause the significant standing and walking limitations as opined by Dr. Blattner. The ALJ discussed at length the medical evidence, including the 2017 x-rays and Plaintiff's visits with her podiatrists and the conservative treatment they provided. The ALJ specifically found the medical opinions of the two state agency consultants to be the most persuasive, supported, and consistent with the record. The ALJ did not err in concluding that Dr. Blattner's standing and walking limitation was not consistent with the objective medical evidence.

Third, Plaintiff contends that the ALJ failed to identify which of her self-reported activities of daily living are inconsistent with Dr. Blattner's opinion, and that the ALJ mischaracterized her activities of daily living as "fairly robust." The ALJ cited Plaintiff's Adult Function Report. AR 188-95. In this document, Plaintiff reported that the pain from her plantar fasciitis and bone spurs in both heels make it very painful for her to stand "for any length of time" and that the strain on her gait and walk is starting to affect her hip and back. AR 188. She indicated that the pain in her feet is worse in the morning, but once her feet "wake up," she can walk. AR 189. She described waking up in the middle of the night with aching and stabbing pain in her arches. *Id.* Plaintiff claimed no impact on her ability to care for herself, including preparing meals for herself. AR 190. She reported no issues performing housework and that she can drive and shop for herself. AR 191. She noted that she shops "weekly" for a "couple hours."

PAGE 10 – OPINION AND ORDER

*Id.* She can go to church, take care of her grandchildren, and participate in hobbies such as watching television and playing video games. AR 192. She did, however, report that she would like "to start walking" to lose weight, but it "kills" her feet. AR 192. Likewise, she reported that she "stay[s] home a lot more than [she] used to because of the pain." AR 193. She indicated that her conditions affect her ability to stand, walk, sit, and climb stairs, and that she can stand only for an hour or two before needing sit down. AR 193. Finally, Plaintiff reported as follows:

> The majority of my pain is first thing in the morning and after I stand half the day—then after standing and I sit down for 15 [minutes] or longer it's painful to get going again. If I could just keep going it would feel better for a short time? Not only have I been to the specialist and had injections along with all the over the counter gimmicks to no avail—I also tried a massage therapist with no luck—probably 5 visits.

AR 195.

In assessing Plaintiff's subjective testimony, the ALJ summarized and discussed Plaintiff's Adult Function Report. AR 21. The ALJ discounted Plaintiff's subjective testimony because it was inconsistent with Plaintiff's activities of daily living. *Id.* When the ALJ evaluated Dr. Blattner's standing and walking opinion, the ALJ The ALJ stated that "Dr. Blattner's opinion is inconsistent with [Plaintiff's] own statements regarding her activities of daily living, which are fairly robust." AR 22 (citing Plaintiff's Function Report). Plaintiff argues that the ALJ did not sufficiently explain the reasons for rejecting Dr. Blattner's testimony on that basis. The Court can reasonably discern that the ALJ was referencing the discussion of Plaintiff's daily living activities from the section discussing Plaintiff's testimony. *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("Even when an agency explains its decision with less than ideal clarity, we must uphold it if the agency's path may reasonably be discerned." (cleaned up)). In finding that Dr. Blattner's opinion was contrary to Plaintiff's reported activities of daily living, the ALJ cited to the same portions of the record discussed on the previous page. AR 22. The Court is satisfied

PAGE 11 – OPINION AND ORDER

that the ALJ properly considered Plaintiff's reported activities of daily living, and did not err in concluding that Dr. Blattner's opinion was inconsistent with those reported activities.

Plaintiff also argues that "[a]lthough the ALJ found the opinions of the state agency medical consultants to be persuasive, their opinions should not outweigh Dr. Blattner's examining opinion," because "'[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician.'" ECF 14 at 8 (citing *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996)). As described above, however, the law no longer distinguishes between the opinions of treating physicians, examining physicians, and non-examining physicians. *See Woods*, 32 F. 4th at 792 ("The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant."). To the extent that Plaintiff contends that Dr. Blattner's opinion should be afforded a greater weight than the state agency medical consultants simply because Dr. Blattner was an examining physician, that argument is unavailing.

## CONCLUSION

The Court AFFIRMS the Commissioner's decision that Plaintiff was not disabled.

**IT IS SO ORDERED**.

DATED this 30th day of August, 2022.

> */s/ Michael H. Simon*
> Michael H. Simon
> United States District Judge